UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RAYMOND McGRAW, <br><br> Plaintiff, <br><br> v. <br><br> HYATTE, PAYNE, WEXFORD HEALTH CARE SERVICES, MORADAT, KLOENZLI, WEXFORD DIRECTORS, FRYE, IVORS, and KIM MYERS, <br><br> Defendants. | CAUSE NO. 3:23-CV-260-JD-MGG |

OPINION AND ORDER

Raymond McGraw, a prisoner without a lawyer, filed a complaint, alleging he received constitutionally inadequate medical care at Miami Correctional Facility in 2016 after prison medical providers did not complete the full course of antibiotics ordered by an outside surgeon. ECF 1. As a result, he alleges he now suffers from a MRSA infection. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

This case is barred by the doctrine of claim preclusion, also known as *res judicata*. At the same time as this case was pending, McGraw filed a complaint in state court against the same defendants with the same allegations, but claiming negligence under Indiana law, rather than deliberate indifference under 42 U.S.C. § 1983.[1] *See McGraw v. Wexford Health Care Services*, No. 48C03-2307-MI-000229 (Madison Cir. Ct. decided July 24, 2023), docket sheet available for viewing at mycase.in.gov. The state court reviewed McGraw's complaint as required by Indiana Code § 34-13-7-1 and § 34-58-1-2 and determined the complaint could not proceed because the complaint was untimely, did not comply with the procedural rules for an offender filing, and did not establish that McGraw had complied with the notice requirements of the Indiana Tort Claim Act. *See McGraw*, No. 48C03-2307-MI-000229 (order of July 24, 2023). The state court's determination that McGraw's claims were untimely means that this case must be dismissed as well.[2]

Federal courts apply "the preclusion law of the state that rendered the judgment to determine whether *res judicata* controls this case." *Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007). Indiana law provides:

> The following four requirements must be satisfied for claim preclusion to apply as a bar to a subsequent action: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must

---

[1] This court may take judicial notice of the state court records. *Ewell v. Toney*, 853 F.3d 911, 917 (7th Cir. 2017).

[2] It is unclear why McGraw filed these parallel suits in two different courts, but there is no absolute bar to litigating similar claims in both state and federal courts. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 292 (2005). But if the state court enters judgment while the federal case is pending, "[d]isposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law." *Id.* at 293.

>have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.

*Marion Cnty. Cir. Ct. v. King*, 150 N.E.3d 666, 672 (Ind. Ct. App. 2020) (quoting *Angelopoulos v. Angelopoulos*, 2 N.E.3d 688, 696 (Ind. Ct. App. 2013)). "When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action." *Id.*

Here, all the requirements of claim preclusion are met. First, the Madison Circuit Court is a court of competent jurisdiction. Second, a determination that a claim is untimely is an adjudication on the merits. *See Creech v. Town of Walkerton*, 472 N.E.2d 226, 228 (Ind. Ct. App. 1984) ("An adjudication based upon the running of a statute of limitation, as a bar to further action, is just such a judgment on the merits."); *see also Smith v. Huckins*, 850 N.E.2d 480, 483 (Ind. Ct. App. 2006) ("[A] dismissal made pursuant to Indiana Code § 34-58-1-2 is with prejudice."). McGraw's § 1983 claims have the same two-year statute of limitations as his negligence action for medical malpractice. *See* Ind. Code 34-18-7-1 (two-year statute of limitations for claim against healthcare provider); *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) (§ 1983 claims in Indiana have a two-year statute of limitations). Third, state courts have jurisdiction to adjudicate federal claims of deliberate indifference under 42 U.S.C. § 1983, so these claims could have been brought in the state-court case. *See Behavioral Institute of Indiana, LLC v. Hobart City of Common Council*, 406 F.3d 926, 932 (7th Cir. 2005) ("State courts

3

have jurisdiction over § 1983 claims."). And, finally, McGraw names the same defendants in both suits.

In conclusion, this case cannot proceed because the state court's determination that the complaint filed there was untimely applies equally to these claims, which could have been brought in that case. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on September 20, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT