UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAYMOND McGRAW,

    Plaintiff,

        v.                        CAUSE NO. 3:23-CV-260-JD-SJF

HYATTE, PAYNE, WEXFORD HEALTH
CARE SERVICES, MORADAT,
KLOENZLI, WEXFORD DIRECTORS,
FRYE, IVORS, and KIM MYERS,

    Defendants.

OPINION AND ORDER

Raymond McGraw, a prisoner without a lawyer, filed a complaint about the medical care he received at Miami Correctional Facility following a 2016 back surgery. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical

need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Additionally, inmates are "not entitled to demand specific care." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (citation omitted). Nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Id*. Because there is no one right way to practice medicine in the prison setting, courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and internal quotation marks omitted).

McGraw currently suffers from a MRSA infection. He attributes this infection to the post-surgery care he received at Miami Correctional Facility following a January 2016 surgery to close a non-healing, infected wound from a prior back surgery. According to McGraw, upon his discharge from the hospital, the surgeon gave orders

that he receive six weeks of the antibiotic vancomycin intravenously, via PICC line. McGraw alleges that his current MRSA infection occurred because medical staff at Miami stopped his antibiotic treatment a week early.

McGraw's complaint does not plausibly allege that he was shorted a week of antibiotics. According to him, he was in the infirmary from January 20, 2016, through March 3, 2016, which adds up to six weeks and one day. McGraw, himself, states that he received 43 days of the prescribed antibiotic, and six weeks of treatment requires only 42 days. Therefore, he has not stated a plausible claim against the medical staff who treated him in 2016.

McGraw's complaint goes on to detail that after he was released from the infirmary, he was told that the MRSA was gone but his skin was colonized with staph aureus, and he will have it on his skin for the rest of his life. Since March 2016, he alleges that he has had recurring breakouts of boils, lesions, sores, and cysts on his face, ear, and buttocks. He was treated off and on with various antibiotics, and his filing is littered with complaints about the treatment he received. Finally, in 2020, medical staff ordered a culture to be taken. The attached medical request forms show that McGraw persistently asked about the results of the culture through the end of 2020, and another nasal culture was ordered on January 14, 2021. ECF 1-1 at 136. Test results came back positive for MRSA. *See id.* at 129 (Chronic Care Clinic notes from February 9, 2021, stating that McGraw has MRSA colonized on his skin).

The current complaint is too vague to determine whether any claim related to the allegedly deficient medical care for recurrent breakouts could proceed because McGraw

3

does not detail how each defendant was involved in his medical care. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) (noting liability under 42 U.S.C. § 1983 requires personal involvement in the alleged constitutional violation). Plus, it is not clear whether any claims fall in the two-year statutory period applicable to § 1983 claims in Indiana. *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). McGraw certified that he submitted his complaint for mailing on January 24, 2023, making any claims occurring before January 24, 2021, potentially untimely. ECF 1 at 12.

If McGraw believes he can state a timely claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. If he decides to file an amended complaint, he needs to write a short and plain statement explaining what happened to him in his own words. He needs to include dates and explain what each defendant did wrong. He needs to use each defendant's name every time he refers to that defendant. He should not quote from cases or statutes, use legal terms, or make legal arguments. Finally, he needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Raymond McGraw until **November 19, 2024**, to file an amended complaint; and

(2) CAUTIONS Raymond McGraw if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 15, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT